UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| CORLEANO GATSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 1:20-cv-00621<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

1. Defendant Schlumberger Technology Corporation (hereinafter "Defendant") required Plaintiff Corleano Gatson ("Plaintiff") to work more than forty hours in a workweek without compensation at the rate of time and one half his regular rate of pay for all hours worked over forty. Defendant's conduct violates New Mexico law. The New Mexico Minimum Wage Act ("NMMWA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* N.M. Stat. Ann. § 50-4-22 et seq. On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy the illegal pay policies and practices alleged in this Complaint. Members of the proposed Class are referred to as the "Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are

1

in excess of 100 class members and some of the class members are citizens of a state different than that of Defendant.

3. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of New Mexico and established minimum contacts sufficient to confer jurisdiction. Defendant does business in New Mexico, advertises in New Mexico, employs workers in New Mexico, and the violations of the law forming the basis of this lawsuit occurred in New Mexico. Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant also had and continues to have continuous and systematic contacts with the State of New Mexico sufficient to establish general jurisdiction over it.

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## **PARTIES AND PERSONAL JURISDICTION**

5. Plaintiff Corleano Gatson is an individual residing in Texas. Plaintiff worked for Defendant as a driver during the class period.

6. The Class Members are all current and former drivers, and all employees in substantially similar positions, paid on an hourly rate basis and who worked in New Mexico for Defendant during at least one week during the four year period before the filing of this Complaint to the present.

7. Defendant Schlumberger Technology Corporation is a foreign corporation organized under the laws of Texas and headquartered in Sugar Land, Texas. Defendant may be

served process through its registered agent National Registered Agents Inc., 206 S. Coronado Ave., Espanola, NM, 87532.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

9. At all material times, Plaintiff and the Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## FACTS

10. Defendant operates an oil field services company that provides fracturing and stimulation, cementing, wireline, and pressure testing services, amongst other services at oil well sites. To provide these oil well services, Defendant employs drivers to transport chemicals, sand, and materials to and from oil well sites.

11. Plaintiff was employed by Defendant as a driver in New Mexico from August 2017 to March 2018. As a driver, Plaintiff drove transport vehicles, which were chemical tankers and neumatic tankers.

12. Plaintiff resided in a "man camp" in Hobbs, New Mexico along with his co-workers. When he was hired, he was paid on an hourly rate basis. In January 2018, his pay was changed to an hourly rate plus additional pay of $1.40 per mile driven. However, Plaintiff was not paid overtime wages when he worked more than 40 hours in a workweek.

13. Before driving, Plaintiff was required to do a pre-trip on his truck. A pre-trip was an inspection of the truck which included a check list of items to review before driving.

14. Afterwards, he would normally drive to the sand facility for Defendant, which was located in Carlsbad, New Mexico. At the sand facility, his truck would be loaded with sand which he would then transport to an oil well site where fracking was being conducted in New Mexico.

15. However, he was not paid for all hours that he worked because Defendant did not include all of the time spent working as compensable time. For example, the time spent performing the pre-trip on the truck and driving to the sand facility were not compensated by Defendant.

16. Additionally, after arriving at the frac site, Plaintiff's truck was unloaded. There were times, however, when Plaintiff was required to stay overnight while his truck was being unloaded. When he was required to stay overnight, Plaintiff was not provided with adequate sleeping facilities or had at least five hours of uninterrupted sleep. Despite these facts, Plaintiff was not paid by Defendant for all of the time he spent at the frac sites, as required by 29 C.F.R. § 785.22.

17. After Plaintiff's truck was unloaded, Plaintiff then drove back and performed a post trip on the truck, which also included a check list of items to inspect. Plaintiff was not paid for this time as well.

18. This time was compensable because it was necessary to the principal work performed by Plaintiff – to drive and transport sand. Further, the work was required by Defendant and undertaken primarily for the benefit of Defendant and Defendant's business.

19. Plaintiff normally worked 16-18 hours per day. However, there were days when Plaintiff worked longer.

20. Further, beginning in January 2018, Defendant changed the classification of the drivers in New Mexico to being exempt from overtime. That is, when Plaintiff worked more than 40 hours in a week, he was not paid at the rate of time and one-half of his hourly rate of pay for

all hours worked over 40. Like Plaintiff, Defendant changed the classification of the Class Members as well.

21. Plaintiff regularly worked more than 40 hours in a week.

22. The Class Members also regularly worked more than 40 hours in a week.

23. Plaintiff worked a schedule that was 15 days on and six days off.

24. Plaintiff's schedule was similar to the schedule of the Class Members.

25. Like Plaintiff, the Class Members drove in New Mexico.

26. Like Plaintiff, Defendant paid the Class Members an hourly rate.

27. Like Plaintiff, Defendant did not pay the Class Members overtime pay for all hours worked over 40 in a workweek.

28. The Plaintiff and Class Members were not exempt from overtime under New Mexico law.

29. Defendant's method of paying Plaintiff and the Class Members in violation of the law was not based on a good faith and reasonable belief that its conduct complied with the law. Defendant knew the requirement to pay overtime, but intentionally and/or recklessly chose not to do so.

**CAUSE OF ACTION:  VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT**

30. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

31. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Class Members and Plaintiff, within the meaning the NMMWA.

32. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

33. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

34. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

36. Plaintiff brings his overtime and common law claims as a Rule 23 class action on behalf of the following class:

> All current and former drivers, and all employees in substantially similar positions, paid on an hourly rate basis and who worked in New Mexico for Defendant during at least one week during the four year period before the filing of this Complaint to the present.

37. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

38. The members of the class are so numerous that their individual joinder is impractical.

39. The identity of the members of the class is readily discernible from Defendant's records.

40. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

41. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members performed compensable work without pay;

   b. Whether Plaintiff and the Class Members were exempt from overtime under New Mexico law;

   c. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week; and

   d. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law.

42. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

43. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid wages in accordance with New Mexico law just as it did with other New Mexico Class Members.

44. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

45. The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in

comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

46. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

47. For these reasons, Plaintiff prays for:

    a. An order certifying this case as a class action under Rule 23 for the New Mexico law claims;

    b. A judgment against Defendant awarding Plaintiff and the Class Members, and New all their unpaid wages, overtime compensation, and liquidated damages;

    c. An order awarding attorneys' fees, costs, and expenses;

    d. Pre- and post-judgment interest at the highest applicable rates; and

    e. Such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    By: /s/ Don J. Foty
    Don J. Foty
    Texas State Bar No. 24050022
    HODGES & FOTY, L.L.P.
    4409 Montrose Blvd, Ste. 200
    Houston, TX 77006

Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@hftrialfirm.com

AND

By: /s/ Ricardo J. Prieto
Ricardo J. Prieto
(Will apply for admission pro hac vice)
Texas Bar: No. 24062947
Melinda Arbuckle
(Will apply for admission pro hac vice)
Texas Bar No. 24080773
SHELLIST LAZARZ SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)
Email: rprieto@eeoc.net

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS